UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JIMMY STOETZNER | * | CIVIL ACTION NO: 10-1811 |
| | * | |
| VERSUS | * | SECTION "F" |
| | * | JUDGE MARTIN L.C. FELDMAN |
| | * | |
| DANIEL EDWARDS, ET. AL. | * | MAGISTRATE (2) |
| | * | JOSEPH C. WILKINSON, JR. |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON BEHALF OF DEFENDANTS

**MAY IT PLEASE THE COURT:**

Defendants, Tangipahoa Parish Sheriffs Office, Daniel Edwards, Sheriff of Tangipahoa Parish, Stuart Murphy, Warden Dennis Wheat and Shawn Sweeney (hereinafter collectively referred to as "Defendants"), through undersigned counsel, submit this memorandum in support of their Motion for Summary Judgment. For the following reasons, there are no genuine issues of material fact and the Plaintiff's claims against the Defendants should be dismissed as a matter of law.

### INTRODUCTION AND FACTS

In his complaint, the Plaintiff *pro se* alleges that as a pre-trial detainee, he was improperly housed/classified with convicted inmates, and denied proper medical attention while incarcerated at the Tangipahoa Parish Jail.

The Plaintiff has an extensive criminal history involving aggravated and violent charges. The Plaintiff has also been housed in the Tangipahoa Parish Jail several times prior to the incident alleged in his complaint. In January 2009, the Plaintiff was charged with seven (7)

counts of armed robbery, aggravated burglary, (7) counts of false imprisonment while armed with a dangerous weapon and three (3) counts of aggravated battery (incident occurred in December 2008 where Plaintiff kicked in the front door of a residence, struck the occupant/victim in the face with the butt of a long gun, bound her with electrical wire, took her personal belongings including a laptop computer and purse, and then fled).[1]  He bonded out in April 2009.  Then, in August 2009, he was charged with possession of a Schedule IV and monetary instrument abuse, and theft under $300.00, and he also bonded out.

He failed to appear in court for his charges, so warrants were issued and the highest bond amount was set at $1 million on the armed robbery charges and $50,000 on the aggravated burglary.  He was subsequently picked up from the Livingston Parish Jail and arrested for his failures to appear. Upon information and belief, in July 2010, the Plaintiff pled *nolo contendere* to attempted armed robbery, aggravated burglary, and aggravated battery, and was sentenced to five (5) years hard labor in DOC on each count with credit for time served to run concurrent with each other; he pled no contest to possession of CDS IV and monetary instrument abuse, and was sentenced to five (5) years hard labor in DOC with credit for time served to run concurrent with each other; and he pled no contest to misdemeanor theft and was sentenced to six (6) months in the parish jail with credit for time served to run concurrent with above two (2) dockets.

Regarding the subject incident, the Plaintiff alleges on February 21, 2010, two other D.O.C. inmates housed in the Plaintiff's dorm (Chris Miller and Matt Moore) were involved in an altercation.  While the Plaintiff was in route to the recreational yard, Moore, who allegedly told the Plaintiff that he thought he was involved in taking Moore's shoes, came behind the Plaintiff and struck him in the jaw.  The Plaintiff then filed suit against Defendants seeking damages, based primarily on alleged improper housing resulting in a broken jaw, and alleged

---

[1] See Exhibit A *in globo*, documents regarding Plaintiff's criminal charges.

improper medical care.  On September 14, 2010, the parties attended a telephone conference with the Magistrate Judge, where the Plaintiff was questioned regarding his claims and his medical records which the Court had previously received.  Defendants were also directed to file this Motion for Summary Judgment.  The Defendants deny the allegations stated in the Plaintiff's complaint, and specifically deny any unlawful or improper treatment of the Plaintiff during his incarceration in the Tangipahoa Parish Jail, and urge this Court to grant this Motion for Summary Judgment.

## LAW AND ARGUMENT

### I.  Standard for Summary Judgment

The United States Supreme Court mandates "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corporation v. Catrett*, 477 U.S. 317 (1986).

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co*., 92 F.3d 336, 338 (5th Cir. 1996).  A fact is considered material if its resolution in favor of one party might affect the outcome of the suit under governing law.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The moving party on a Motion for Summary Judgment bears the initial responsibility of informing the District Court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrates the absence of a genuine issue of material fact.  The movant need not support the motion with materials which negate the opponent's claim.  As

to the issues on which the non-moving party has the burden of proof, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. The non-moving party must then go beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *Celotex, supra*.

In opposing a motion for summary judgment, a party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's responses must set forth specific facts showing that there is a genuine issue for trial. The burden is not satisfied by "metaphysical doubt," "conclusory allegations," or "unsubstantiated assertions." *Little v. Liquid Air Corporation*, 37 F.3d 1069 (5th Cir. 1994). Factual controversies are resolved in favor of the non-moving party, but only when there is an actual controversy, when both parties have submitted evidence of contradictory facts. *Little, supra.*

At the summary judgment stage, the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *Willis* v. *Roche Biomedical Labs.*, Inc. 21 F.3d 1368, 1371 (5th Cir. 1994); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252, 106 S.Ct. 2505, 2511-1512, 91 L.Ed.2d 202 (1986). A court's determination of whether there are material issues of fact requires deference to the non-moving party. *Willis* at 1371-1372*; Jones v. Southern Marine and Aviation Underwriters, Inc.*, 888 F.2d 358 (5th Cir. 1989). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no "genuine issue" for trial mandating the entry of summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

For the reasons stated herein, the Defendants deny any and all liability to the Plaintiff, and request that their Motion for Summary Judgment be granted because there are no genuine issues

of material fact that would necessitate a trial on the merits.

## II. Prisoner Classification

The Plaintiff alleges that, as a pretrial detainee, he was improperly housed with convicted inmates and that another inmate attacked him as a result. After a *Spears* hearing, the complaint may be dismissed as legally frivolous if it lacks an arguable basis in law, or "as factually frivolous only if the facts alleged are 'clearly baseless,' ... [or] when the facts alleged rise to the level of the irrational or wholly incredible." *Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir.1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir.1992); *Id.* at 270.

Parish Sheriff's Departments are not legal entities capable of being sued. The State of Louisiana grants no such legal status to any parish Sheriff's Office. Thus, the "Tangipahoa Parish Sheriff's Office" and the "Tangipahoa Parish Sheriff's Department" are not "persons" capable of being sued. See *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La. 1988); *Causey v. Parish of Tangipahoa*, 167 F.Supp. 2d 898, 904 (E.D.La. 2001). Therefore, the Tangipahoa Sheriff's Office/Department should be dismissed because it is not a legal entity capable of being sued.

Defendants are also entitled to the defense of qualified immunity based upon their actions as public officials performing discretionary acts. Specifically, courts have held that actions or decisions that are "merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference" and do not defeat qualified immunity. *Doe v. Dallas Indep. Sch. Dist*., 153 F.3d 211 (5th Cir. 1998).

In *Jones v. Diamond,* 636 F.2d 1364 (5th Cir.1981), the Fifth Circuit stated that "[t]he confinement of pretrial detainees *indiscriminately* with convicted persons is unconstitutional *unless* such a practice is 'reasonably related to the *institution's interest in maintaining jail*

*security,' or physical facilities do not permit their separation." Darnell v. Terrebonne Parish Sheriff's Office,* 2007 WL 163059 (E.D.La. 2007) (*Jones* overruled on other grounds by *International Woodworkers v. Champion Int'l Corp.,* 790 F.2d 1174 (5th Cir.1986), *aff'd sub. nom. Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437 (1987)).

> *"Of course, if a particular pretrial detainee has a long record of prior convictions or is likely to be violent, imposition of greater security measures is warranted ....* Nonetheless, pretrial detainees have a due process right to be considered individually to *the extent security and space requirements permit.*" *Id.; Jones* at 1374 (quoting *Bell v. Wolfish,* 441 U.S. 520, 531 (1979)) (additional citations omitted) (emphasis added). Thus, the Fifth Circuit in *Jones* recognized that the housing of pretrial detainees with convicted inmates may raise constitutional concerns, but only if their classification together is handled indiscriminately without justification, *Pembroke v. Wood County,* 981 F.2d 225, 228 (5th Cir.1993), but it also recognized that some circumstances will permit the housing of pretrial detainees with convicted inmates." *Id.*

"Significantly, the classification of inmates is an administrative function of the prison. *Id.*; *Jones,* 636 F.2d at 1376. Courts accord great deference to prison officials' administrative decisions and will not interfere with legitimate administration without a constitutional violation." *Bell,* 441 U.S. at 547-48; *Smith v. Bingham,* 914 F.2d 740, 742 (5th Cir.1990).

Under the precise circumstances of this case, it cannot be concluded that housing the Plaintiff with convicted inmates was unconstitutional. In the Tangipahoa Parish Jail, housing is divided into three (3) categories: (1) US Marshall (Federal inmates), (2) DOC (State inmates) and (3) Parish (Pre-trial). The Plaintiff was classified as a maximum security offender. Tangipahoa Parish Jail officials evaluate each inmate based on the individual security measures that are warranted and the physical space constraints of the facility itself. He was moved to the dorm where DOC inmates were held because he had been charged with aggravated and violent crimes, because his bond was posted at over $*1 million dollars,* and because he did not get along with inmates in the other dorm. He had an extensive record, and he had been held in the

Tangipahoa Parish Jail on several prior occasions. He had a history of not getting along with other inmates. Significantly, at the time of this complaint, he was being housed for aggravated and violent offenses. The Plaintiff said that he was probably housed in the DOC dorm due to "carelessness." However, the Plaintiff's subjective belief that he could have been moved to another dorm instead of the convicted inmates' dorm is unsupported and insufficient for the court to conclude that jail officials' discretionary decisions concerning security and space requirements were unconstitutional. The Plaintiff's own testimony establishes that the DOC inmates posed no known or anticipated threat to the Plaintiff before this incident. This circumstance, coupled with the Plaintiff's prior criminal history and the violent nature of the crimes has was awaiting trial for, supports the objective reasonableness of this particular housing decision.

In this instance, housing the Plaintiff together with convicted inmates cannot be characterized as arbitrary or indiscriminate. It was a reasonable administrative decision and was not an abuse of the discretion the law assigns to prison officials, with which this court should not interfere. No violation of the Plaintiff's constitutional rights occurred under these circumstances.

### III.     Policy and Procedure Regarding Maximum Security Offenders

To prevail on an official capacity claim, a plaintiff must prove a municipal policy or custom caused his injury. *Monell v. New York City Dep. of Social Services*, 436 U.S. 658, 689; 98 S.Ct. 2018, 2035; 56 L.Ed.2d 611 (1978). The plaintiff "must (1) identify the policy or custom, (2) connect the policy or custom with the government entity itself, and (3) show that the particular injury was incurred because of the execution of that policy." *Lee v. Morial*, 2000 WL 726882 (E.D.La. 6/2/00), citing *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984) (en banc).

Here, the Plaintiff's claims are subject to dismissal if he fails to allege an official "policy or custom." See *supra*. In his Complaint, the Plaintiff does not set forth an unconstitutional official "policy or custom" that Sheriff Edwards had in place that caused his injury. The Plaintiff merely states a conclusion that he was improperly housed at the Tangipahoa Parish Jail. Based on his violent criminal charges and over $1 million dollar bond, his behavior and incidents during his prior incarceration at the jail, the Plaintiff was properly classified as maximum security.[2] Therefore, the Plaintiff was properly housed and his claims against the Defendants should be dismissed with prejudice.

## IV.   Conduct by Another Inmate and Medical care

"Regardless of whether an inmate is a pretrial detainee or a convicted prisoner, however, the standard of liability is the same for episodic acts or omissions of jail officials of the type alleged in this case." *Desroche v. Strain*, 507 F.Supp.2d 571, 578 (E.D.La. 2007), citing *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999); citation omitted; *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). If "the complained-of harm is a particular act or omission of one or more officials," the "deliberate indifference standard enunciated in *Estelle v. Gamble* applies." *Id.* at 579, quoting *Olabisiomotosho* at 526 (citation omitted), also citing *Estelle*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

In *Estelle*, the Supreme Court held "that a convicted prisoner may succeed on a claim for damages under 42 U.S.C. § 1983 for inadequate medical care only if he demonstrates that there has been 'deliberate indifference to serious medical needs' by prison officials or other state actors…[O]nly deliberate indifference, 'an unnecessary and wanton infliction of pain…or acts repugnant to the conscience of mankind,' constitutes conduct proscribed by the Eighth

---

[2] See Exhibit B, Tangipahoa Parish Jail Policy and Procedure, Part IV-Institutional Services.

Amendment." *Id.* at 582, *Estelle*, 429 U.S. at 105-06, 97 S.Ct. 285; citation omitted; *Hare*, 74 F.3d at 650.

An inmate must satisfy two requirements to demonstrate that a prison official has violated his constitutional rights in the provision of medical care. *Desroche* at 582. "First, the alleged deprivation must objectively be 'sufficiently serious,' which means that 'the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Id.*, quoting *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "To rise to the level of a constitutional violation, the conditions must be 'so serious as to deprive [plaintiff] of the minimal measure of life's necessities'…." *Id.*, quoting Alexander *v. Tippah County, Miss.*, 351 F.3d 626, 630 (5th Cir. 2003)(citation omitted).

"Second, the inmate must show that a prison official was deliberately indifferent to inmate health or safety." *Id.*, quoting *Farmer*, 511 U.S. at 847, 114 S.Ct. 1970). A "prison official cannot be held liable "unless the official *knows of and disregards an excessive risk to inmate health or safety*; the official *must both be aware of facts* from which the inference could be drawn that a substantial risk of serious harm exists, and *he must also draw the inference*." *Id.*, quoting *Farmer* at 837 (emphasis added). "Mere negligence or failure to act reasonably is not enough. The officer must have the subjective intent to cause harm." *Id.*, quoting *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003). If the court finds that one of the components of the test is not met, it need not address the other component. *Id.*, citing *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

In the instant case, the Plaintiff has failed to establish that the Defendants acted with deliberate indifference or had the required subjective intent to cause him harm. *See Desroche* at 583. "Deliberate indifference is an extremely high standard to meet." *Id.*, quoting *Gobert v.*

*Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). The Plaintiff's allegations are not enough to establish deliberate indifference by the Defendants in this case. *See Id.*, citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993) (prisoner's disagreement with the type or timing or medical services provided cannot support a Section 1983 claim). The Plaintiff's testimony confirms that the Defendants had no reason to believe that the other inmates posed any danger to the Plaintiff. The Plaintiff alleges that the incident occurred suddenly and without warning when Moore hit him while the Plaintiff was walking to the recreation yard. The Plaintiff was immediately taken to the hospital the same day. On 2/24/10, he was seen by an oral surgeon at Earl K. Long underwent his oral surgery on 3/5/10. The Plaintiff himself acknowledges that he was taken to the hospital several times for medical treatment, and that jail officials observed him so that they could give him his medications as directed (see Plaintiff's medical records showing his prescriptions were filled and refilled). Defendants did timely respond to the Plaintiff's requests for medical treatment.

Furthermore, in March 2010, after the Plaintiff's jaw was repaired but while he was still awaiting trial for the violent offences listed above, he broke the wire himself and was moved so that the jail officials could continue to watch him to ensure he did not cause further damage to himself (see Plaintiff's medical records on 3/30/10 noting that the plaintiff pulled out his wire). His medical records also noted "patient with history of non-compliance with diet restrictions." The Plaintiff does not allege anything improper after the initial incident, other than the frivolous allegation regarding his food, which he has no evidence to support and no claimed damage. Therefore, the Plaintiff has failed to assert a violation of his constitutional rights and his claims should be dismissed.

In summary, the Plaintiff has failed to show any genuine issue of material fact regarding his housing in the Tangipahoa Parish Jail, or the medial attention he received. Therefore, the Plaintiff's claims against the Defendants should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendants, Tangipahoa Parish Sheriffs Office, Daniel Edwards, Sheriff of Tangipahoa Parish, Stuart Murphy, Warden Dennis Wheat and Shawn Sweeney respectfully pray that their Motion for Summary Judgment be granted and the Plaintiff's claims dismissed.

Respectfully submitted,

**CASHE COUDRAIN & SANDAGE**

*/s/ Ashley E. Sandage*
_____
Ashley E. Sandage, No. 24364
Brooke E. Burrescia, No. 31077
Post Office Drawer 1509
Hammond, LA 70404
985-542-6848 Telephone
985-542-9602 Facsimile
aes@ccsattorneys.com
beb@ccsattorneys.com

- 12 -

## CERTIFICATE OF SERVICE

I do hereby certify that on this 19th day of October, 2010, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

I do hereby certify that I have mailed the foregoing document by first class mail to the pro se plaintiff:

>Jimmy Stoetzner
>#1011546
>Moore House Parish Jail
>250 E. Walnut Ave.
>Bastrop LA 71269

I also certify that a copy of the foregoing will be sent to all non-CM/ECF participants by United States Mail, properly addressed and postage prepaid.

*/s/ Ashley E. Sandage*
_____
Ashley E. Sandage